IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GEORGIA STATE CONFERENCE OF THE           )
NAACP, as an organization; GEORGIA        )
COALTION FOR THE PEOPLES' AGENDA, as      )
an organization; MERRITT HUBERT, TAURUS   )
HUBERT, JOHNNY THORNTON, MARTEE           )
FLOURNOY and LARRY WEBB;                   )
                                           )
    Plaintiffs,         )
                                           )
    v.                  )         CV 5:15-cv-414 CAR
                                           )
HANCOCK COUNTY BOARD OF ELECTIONS         )
AND REGISTRATION; KATHY RANSOM,           )
NANCY STEPHENS, LINDA CLAYTON,            )
ROBERT INGRAM, and JIM YOUMANS, in their  )
official capacities as members of the Hancock County )
Board of Elections and Registration; and   )
TIFFANY MEDLOCK, in her official capacity as the )
Hancock County Elections Supervisor,       )
                                           )
    Defendants.          )

## ANSWER & RESPONSIVE PLEADING

COMES NOW Defendant HANCOCK COUNTY BOARD OF ELECTIONS AND

REGISTRATION, KATHY RANSOM, NANCY STEPHENS, LINDA CLAYTON, ROBERT

INGRAM, and JIM YOUMANS, in their official capacities as members of the Hancock County

Board of Elections and Registration; and TIFFANY MEDLOCK, in her official capacity as the

Hancock County Elections Supervisor, by and through their undersigned counsel, and files this

Answer & Responsive Pleading to Plaintiffs' Complaint as follows:

## FIRST DEFENSE

Plaintiffs' claims against Defendants fail as a matter of law.

## SECOND DEFENSE

To the extent Plaintiffs bring state law claims against Defendants, such claims fail as a matter of law because Defendants are entitled to official immunity.

## THIRD DEFENSE

The named Defendant "HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION" is not an existing legal entity subject to suit.

## FOURTH DEFENSE

Plaintiffs Georgia State Conference of the NAACP, Georgia Coalition for the Peoples' Agenda, Merritt Hubert, Taurus Hubert, Martee Flournoy, and Larry Webb lack standing to bring this action.

## FIFTH DEFENSE

The claims of Merritt Hubert, Taurus Hubert, and Martee Flournoy are moot as the Board of Elections denied the challenge as to their eligibility.

## SIXTH DEFENSE

Plaintiffs' demands for relief sought on behalf of persons who are not parties are invalid as to some or all claims.

## SEVENTH DEFENSE

Defendants assert any and all available statutory defenses and immunities not herein named.

## EIGHTH DEFENSE

Defendants deny each and every allegation contained in Plaintiffs' Complaint, including without any limitation all prefatory remarks, preliminary statements, numbered paragraphs, and

prayers for relief, unless the same is expressly admitted herein. Defendant further responds to the specific allegations of the Complaint as follows:

1.     Paragraph 1 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

2.     Defendants deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint as stated.

3.     Defendants deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint as stated.

4.     Defendants admit Nancy Stephens voted on challenges originating from herself, but deny the remaining allegations in Paragraph 4 of Plaintiffs' Complaint.

5.     Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint as stated.

6.     Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint as stated.

7.     Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Complaint as stated.

8.     Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint as stated.

9.     Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Complaint as stated.

10.     Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint as stated.

11.     Plaintiffs' claims against Defendants fail as a matter of law.  The remaining portion of Paragraph 11 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

12.     Plaintiffs' claims against Defendants fail as a matter of law.  The remaining portion of Paragraph 12 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

13.     Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 13 and subparagraphs of Plaintiffs' Complaint, and thereby deny the same.

14.     Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 14 and subparagraphs of Plaintiffs' Complaint, and thereby deny the same.

15.     Defendants admit the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.     Defendants admit Plaintiff Johnny Thornton is Black, but deny the remaining allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.     Defendants admit Plaintiff Larry Webb is qualified and registered to vote in the State of Georgia, that he is Black, and that he is a resident of Hancock County.  Defendants are without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 17 of Plaintiffs' Complaint, and thereby deny the same.

18.     Defendants admit the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendants admit the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendants admit the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.     Defendants admit the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Paragraph 23 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

24.     Paragraph 24 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

25.     Paragraph 25 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

26.     Paragraph 26 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

27.     Paragraph 27 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

28.     Paragraph 28 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

29.     Paragraph 29 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

30.     Paragraph 30 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

31.     Paragraph 31 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

32.     Paragraph 32 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

33.     Paragraph 33 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

34.     Paragraph 34 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

35.     Paragraph 35 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

36.     Paragraph 36 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

37.     Defendants admit the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.     Defendants admit the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.     The individuals named and corresponding positions sought as contained in Paragraph 39 of Plaintiffs' Complaint are correctly identified.  Defendants deny the remaining allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.     Defendants admit the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 and subparagraphs of Plaintiffs' Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43. Defendants admit the BOER discussed an agenda item at the July 31, 2015 called BOER meeting concerning the challenge of eligibility of certain voters, but deny the remaining allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45. Defendants admit the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46. Defendants admit the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47. Paragraph 47 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 49 of Plaintiffs' Complaint, and thereby deny the same.

50. Defendants admit the allegations contained in Paragraph 50 of Plaintiffs' Complaint.

51. Paragraph 51 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

52. Defendants admit the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.     Defendants admit the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.     Defendants admit the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.     Defendants admit the allegations contained in Paragraph 55 of Plaintiffs' Complaint.

56.     Defendants admit the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.     Defendants admit the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     Defendants admit the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     Defendants admit the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.     In response to the allegations contained in Paragraph 61, the language of the referenced challenges speaks for themselves but Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.     In response to the allegations contained in Paragraph 65, the language of the email speaks for itself. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 65 of Plaintiffs' Complaint, and thereby deny the same.

66.     Defendants admit the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.     Defendants admit the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.     Defendants admit the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.     Defendants admit Bevill withdrew six challenges and proposed to postpone one challenge, but deny the remaining allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.     Defendants admit the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.     Defendants admit the BOER considered all evidence presented and determined no probable cause existed, but deny the remaining allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.     Defendants admit the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.     Defendants admit the BOER considered all evidence presented and determined no probable cause existed, but deny the remaining allegations contained in in Paragraph 73 of Plaintiffs' Complaint.

74. Defendants admit the BOER considered all evidence presented and determined no probable cause existed, but deny the remaining allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75. Defendants admit the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76. Defendants admit the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77. Defendants admit the BOER considered all evidence presented and determined no probable cause existed, but deny the remaining allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78. Defendants admit the BOER considered all evidence presented and determined no probable cause existed, but deny the remaining allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79. Defendants admit Ingram testified but deny the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

80. Defendants admit the BOER considered all evidence presented and determined no probable cause existed, but deny the remaining allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81. Defendants admit a motion was made, considered and adopted finding probable cause existed to examine whether Priscilla Stembridge was an eligible voter, but deny the remaining allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.     Defendants admit a challenge was presented as to the eligibility of Angela L. Tucker as a qualified voter, but deny the remaining allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83.     Defendants admit Angela M. Tucker was present at hearing and testified, but deny the remaining allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84.     Defendants admit Bevill raised a challenge to the eligibility of Angela L. Tucker as a qualified voter and that the same challenge was withdrawn by Bevill, but deny the remaining allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.     Defendants admit Bevill withdrew several challenges, but deny the remaining allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.     Defendants admit that after consideration, the BOER only found probable cause to one challenge filed by Bevill, but deny the remaining allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.     Defendants admit Bevill raised a challenge to the eligibility of Lewis as a qualified voter and that the same challenge was withdrawn by Bevill, but deny the remaining allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.     In response to the allegations contained in Paragraph 88, the language of the challenge speaks for itself.  Defendants admit the BOER considered all evidence and arguments presented, but deny the remaining allegations contained in Paragraph 88 of Plaintiffs' Complaint.

89.     In response to the allegations contained in Paragraph 89, the language of the challenge speaks for itself. Defendants admit a motion was made and passed in favor of probable cause with members Nancy Stephens, Jim Youmans, and Kathy Ransom voting in favor, and

members Robert Ingram and Linda Clayton voting in the negative, but deny the remaining allegations contained in Paragraph 89.

90.     Defendants admit a motion was adopted by the BOER directing the superintendent to meet with Bevill to procedurally expedite the process, but deny the remaining allegations contained in Paragraph 90 of Plaintiffs' Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of Plaintiffs' Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of Plaintiffs' Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

94.     In response to the allegations contained in Paragraph 94, the language of the email or communication speaks for itself.  Defendants deny the allegations contained in Paragraph 94 of Plaintiffs' Complaint.

95.     In response to the allegations contained in Paragraph 95, the language of the email or communication speaks for itself.  Defendants deny the allegations contained in Paragraph 95 of Plaintiffs' Complaint

96.     Defendants admit challenges by Nancy Stephens were considered and that one voter was removed, but deny the remaining allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.     Defendants admit the BOER adopted a motion to remove an elector from the voter role, but deny the remaining allegations contained in Paragraph 97 of Plaintiffs' Complaint.

98.     Defendants admit the allegations contained in Paragraph 98 of Plaintiffs' Complaint.

99.     In response to the allegations contained in Paragraph 99, the language of the referenced e-mails speaks for itself. Defendants deny the remaining allegations contained in Paragraph 99 of Plaintiffs Complaint.

100.     In response to the allegations contained in Paragraph 100, any comments by Medlock speak for themselves. Defendants deny the remaining allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101.     Defendants admit a hearing was held, but deny the remaining allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.     Defendants admit Webb made challenges, but are without information to either admit or deny the remaining allegations contained in Paragraph 102 of Plaintiffs' Complaint, and thereby deny the same.

103.     Defendants deny the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.     In response to the allegations contained in Paragraph 104, the language of the referenced e-mails speaks for itself. Defendants admit Mr. Webb's challenges were reviewed and considered by the BOER, but deny the remaining allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.     Defendants admit the BOER voted to sustain some of the challenges filed by Webb, but deny the remaining allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.     Defendants admit a challenge was raised concerning to the eligibility of Troy Harden, that the BOER consider evidence and argument concerning the same, and that the

challenge was denied, but deny the remaining allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107. Defendants admit the BOER voted to remove voters, but deny the remaining allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108. Defendants admit the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109. In response to the allegations contained in Paragraph 109, the language of the referenced challenge speaks for itself. Defendants deny the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110. Defendants admit a motion was adopted setting a probable cause hearing as to eligibility of certain individuals to vote, but deny the remaining allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111. Defendants admit the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113. In response to the allegations contained in Paragraph 113, the language of the referenced e-mails speaks for itself. Defendants deny the remaining allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114. In response to the allegations contained in Paragraph 114, the language of the referenced e-mails speaks for itself. Defendants deny the remaining allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.	In response to the allegations contained in Paragraph 115, the language of the referenced e-mails speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 115 of Plaintiffs' Complaint.

116.	In response to the allegations contained in Paragraph 116, the language of the referenced e-mails speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 116 of Plaintiffs' Complaint.

117.	In response to the allegations contained in Paragraph 117, the language of the referenced e-mails speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.	In response to the allegations contained in Paragraph 118, the language of the referenced e-mails speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.	Defendants admit a probable cause hearing was held concerning voter challenges filed by Webb and that the BOER adopted a resolution finding probable cause as to the eligibility of three voters, and removed several deceased voters from the role, but deny the remaining allegations contained in Paragraph 119 of Plaintiffs' Complaint.

120.	In response to the allegations contained in Paragraph 120, the language of the referenced e-mails speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 120 of Plaintiffs' Complaint.

121.	Defendants admit probable cause hearings were held on the challenges of Bevill and Webb, but deny the remaining allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122. Defendants admit the BOER voted to sustain some of the challenges filed by Webb, but deny the remaining allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of Plaintiffs' Complaint.

124. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 124 of Plaintiffs' Complaint, and thereby deny the same.

125. Defendants admit Patillo testified, but deny the remaining allegations contained in Paragraph 125 of Plaintiffs' Complaint.

126. Defendants admit Medlock testified, but deny the remaining allegations contained in Paragraph 126 of Plaintiffs' Complaint.

127. Defendants admit the BOER adopted a resolution removing three voters from the voter roll, but deny the remaining allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128. Defendants admit the BOER considered a challenge to the eligibility of Walker to vote, but deny the remaining allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129. Defendants admit Medlock testified, but deny the remaining allegations contained in Paragraph 129 of Plaintiffs' Complaint.

130. Defendants admit the BOER adopted a motion allowing Walker until November 6, 2015 to provide undated information concerning residency, but deny the remaining allegations contained in Paragraph 130 of Plaintiffs' Complaint.

131. Defendants admit the BOER adopted a motion allowing Williams until November 6, 2015 to provide undated information concerning residency, but deny the remaining allegations contained in Paragraph 131 of Plaintiffs' Complaint

132.     Defendants admit the BOER considered a challenge filed by Mr. Bevill as to the eligibility of Emma and Jimmy Johnson to remain on the Hancock County voter rolls during the October 26, 2015 hearing, but deny the remaining allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133.     Defendants admit Patillo testified, but deny the remaining allegations contained in Paragraph 133 of Plaintiffs' Complaint.

134.     Defendants admit Medlock testified, but deny the remaining allegations contained in Paragraph 134 of Plaintiffs' Complaint.

135.     Defendants admit Stephens made a motion to remove the Johnsons from the voter roll and that BOER failed to adopt said motion.  Defendants further admit the BOER adopted a motion allowing the Johnsons until November 6, 2015 to provide undated information concerning residency, but deny the remaining allegations contained in Paragraph 135 of Plaintiffs' Complaint.

136.     Defendants deny the allegations contained in Paragraph 136 of Plaintiffs' Complaint.

137.     Defendants admit the allegations contained in Paragraph 137 of Plaintiffs' Complaint.

138.     Defendants admit the allegations contained in Paragraph 138 of Plaintiffs' Complaint.

139.     Defendants admit the BOER considered challenges to certain voters' eligibility, voted to sustain a challenge to one voter, but deny the remaining allegations contained in Paragraph 139 of Plaintiffs' Complaint.

140.	In response to the allegations contained in Paragraph 140, the language of the referenced e-mails speaks for itself. Defendants deny the remaining allegations contained in Paragraph 140 of Plaintiffs Complaint.

141.	Defendants deny the allegations contained in Paragraph 141 of Plaintiffs' Complaint.

142.	Defendants deny the allegations contained in Paragraph 142 of Plaintiffs' Complaint.

143.	Paragraph 143 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

144.	Paragraph 144 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

145.	Paragraph 145 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

146.	Paragraph 146 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

147.	Paragraph 147 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

148.    Paragraph 148 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

149.    Paragraph 149 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

150.    Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 150 of Plaintiffs' Complaint, and thereby deny the same.

151.    Defendants admit the BOER determined probable cause existed as to the qualification of Taurus Hubert to vote and that a hearing was held regarding the same, but deny the allegations contained in Paragraph 151 of Plaintiffs' Complaint.

152.    Defendants admit a hearing was held by the BOER to consider the eligibility of Taurus Hubert to vote, but deny the remaining allegations contained in Paragraph 152 of Plaintiffs' Complaint.  Merritt Hubert's eligibility to vote was not reviewed by Defendants.

153.    Defendants admit the allegations contained in Paragraph 153 of Plaintiffs' Complaint, except Defendants deny that Merritt Hubert's eligibility to vote was reviewed by Defendants.

154.    Defendants deny the allegations contained in Paragraph 154 of Plaintiffs' Complaint.

155.    Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 155 of Plaintiffs' Complaint, and thereby deny the same.

156.    Defendants deny the allegations contained in Paragraph 156 of Plaintiffs' Complaint.

157.     In response to the allegations contained in Paragraph 157, the language of the referenced e-mails speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 157 of Plaintiffs Complaint.

158.     Defendants deny the allegations contained in Paragraph 158 of Plaintiffs' Complaint.

159.     Defendants admit the BOER determined probable cause existed as to Thornton's eligibility to vote, but deny the remaining allegations contained in Paragraph 159 of Plaintiffs' Complaint.

160.     Defendants admit the allegations contained in Paragraph 160 of Plaintiffs' Complaint.

161.     Defendants admit a motion was adopted by the BOER to remove Thornton from the voter roll, but deny the remaining allegations contained in Paragraph 161 of Plaintiffs' Complaint.

162.     Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 162 of Plaintiffs' Complaint, and thereby deny the same.

163.     Defendants admit the BOER challenged the eligibility of Flournoy to vote, but deny the remaining allegations contained in Paragraph 163 of Plaintiffs' Complaint.

164.     Defendants admit the eligibility of Flournoy to vote was considered and the BOER dismissed the challenge to his eligibility, but deny the remaining allegations contained in Paragraph 164 of Plaintiffs' Complaint.

165.     Defendants deny the allegations contained in Paragraph 165 of Plaintiffs' Complaint.

166.     Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 166 of Plaintiffs' Complaint, and thereby deny the same.

167.     Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 167 of Plaintiffs' Complaint, and thereby deny the same.

168.     Defendants admit a probable cause hearing was set by the BOER to consider the eligibility of Franklin to vote, but deny the remaining allegations contained in Paragraph 168 of Plaintiffs' Complaint.

169.     Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 169 of Plaintiffs' Complaint, and thereby deny the same.

170.     Defendants admit a hearing was held to consider the eligibility of Franklin to vote, but deny the remaining allegations contained in Paragraph 170 of Plaintiffs' Complaint.

171.     Defendants admit a hearing was held to consider the eligibility of Franklin to vote, but deny the remaining allegations contained in Paragraph 171 of Plaintiffs' Complaint.

172.     Defendants admit the BOER considered Franklin's eligibility to vote and found she was qualified to do so, but deny the remaining allegations contained in Paragraph 172 of Plaintiffs' Complaint.

173.     Defendants deny the allegations contained in Paragraph 173 of Plaintiffs' Complaint.

174.     Defendants admit the BOER considered the eligibility of Thomas to vote and adopted a motion to remove him from the voter roll, but deny the remaining allegations contained in Paragraph 174 of Plaintiffs' Complaint.

175.     Defendants admit the BOER considered the eligibility of Thomas to vote and adopted a motion to remove him from the voter roll, but deny the remaining allegations contained in Paragraph 175 of Plaintiffs' Complaint.

176.     Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 176 of Plaintiffs' Complaint, and thereby deny the same.

177.     Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 177 of Plaintiffs' Complaint, and thereby deny the same.

178.     Defendants deny the allegations contained in Paragraph 178 of Plaintiffs' Complaint.

179.     Defendants admit the BOER considered several challenges to certain voters' eligibility to vote and conducted such inquiries in accordance with state law, but deny the remaining allegations contained in Paragraph 179 of Plaintiffs' Complaint.

180.     Defendants deny the allegations contained in Paragraph 180 of Plaintiffs' Complaint.

181.     In response to the allegations contained in Paragraph 181, the language of the referenced letter speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 181 of Plaintiffs' Complaint.

182.     Defendants deny the allegations contained in Paragraph 182 of Plaintiffs' Complaint.

183.     In response to the allegations contained in Paragraph 183, the language of the referenced letter speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 183 of Plaintiffs' Complaint.

184. Defendants admit Medlock conducted research concerning the challenged voters, but deny the remaining allegations contained in Paragraph 184 of Plaintiffs' Complaint.

185. Defendants admit hearings were conducted regarding the filed challenges, but deny the remaining allegations contained in Paragraph 185 of Plaintiffs' Complaint.

186. Defendants admit hearings were conducted regarding the filed challenges, but deny the remaining allegations contained in Paragraph 186 of Plaintiffs' Complaint.

187. Defendants deny the allegations contained in Paragraph 187 of Plaintiffs' Complaint.

188. Defendants deny the allegations contained in Paragraph 188 of Plaintiffs' Complaint.

189. In response to the allegations contained in Paragraph 189, the language of the referenced e-mails speaks for itself. Defendants deny the remaining allegations contained in Paragraph 189 of Plaintiffs' Complaint.

190. Defendants deny the allegations contained in Paragraph 190 of Plaintiffs' Complaint.

191. Defendants deny the allegations contained in Paragraph 191 of Plaintiffs' Complaint.

192. Defendants deny the allegations contained in Paragraph 192 of Plaintiffs' Complaint.

193. Defendants admit several voters' eligibility to vote have been challenged since August 2015, but deny the remaining allegations contained in Paragraph 193 of Plaintiffs' Complaint.

194. Defendants admit several individuals have been found to not be eligible to vote and several individuals have been found to be eligible to vote, but deny the remaining allegations contained in Paragraph 194 of Plaintiffs' Complaint.

195. Defendants admit several individuals have been found to not be eligible to vote and several individuals have been found to be eligible to vote and several individuals have been instructed to provide updated information regarding residency, but deny the remaining allegations contained in Paragraph 195 of Plaintiffs' Complaint.

196. Defendants are without sufficient knowledge or information regarding data currently present on an electronic data base and the race of the challenged voters, but deny the remaining allegations contained in Paragraph 196 of Plaintiffs' Complaint.

197. In response to the allegations contained in Paragraph 197, the language of the referenced letters speaks for itself. Defendants deny the remaining allegations contained in Paragraph 197 of Plaintiffs Complaint.

198. Defendants admit the eligibility of several voters has been reviewed by the BOER, but deny the remaining allegations contained in Paragraph 198 of Plaintiffs' Complaint.

199. Defendants admit the distance between the BOER and Sparta City Hall is approximately 1.2 miles, that the polling location for the City of Sparta is City Hall, but are without knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 199 of Plaintiffs' Complaint, and thereby deny the same.

200. Defendants admit the allegations contained in Paragraph 200 of Plaintiffs' Complaint.

201. Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 201 of Plaintiffs' Complaint, and thereby deny the same.

202.	Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 202 of Plaintiffs' Complaint, and thereby deny the same.

203.	Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 203 of Plaintiffs' Complaint, and thereby deny the same.

204.	Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 204 of Plaintiffs' Complaint, and thereby deny the same.

205.	Defendants are without knowledge sufficient to either admit or deny the allegations contained in Paragraph 205 of Plaintiffs' Complaint, and thereby deny the same.

206.	Defendants deny the allegations contained in Paragraph 206 of Plaintiffs' Complaint.

207.	Defendants deny the allegations contained in Paragraph 207 of Plaintiffs' Complaint.

208.	Defendants deny the allegations contained in Paragraph 208 of Plaintiffs' Complaint.

209.	Defendants deny the allegations contained in Paragraph 209 of Plaintiffs' Complaint.

210.	Defendants admit Plaintiff's counsel served a notice letter on counsel for the BOER, but deny the remaining allegations contained in Paragraph 210 of Plaintiffs' Complaint.

211.	Defendants incorporate all previous responses to Plaintiffs' Complaint in response to the remaining allegations.

212.	Paragraph 212 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

213.     Defendants deny the allegations contained in Paragraph 213 of Plaintiffs' Complaint.

214.     Defendants deny the allegations contained in Paragraph 214 of Plaintiffs' Complaint.

215.     Defendants deny the allegations contained in Paragraph 215 of Plaintiffs' Complaint.

216.     Defendants deny the allegations contained in Paragraph 216 of Plaintiffs' Complaint.

217.     Defendants deny the allegations contained in Paragraph 217 of Plaintiffs' Complaint.

218.     Defendants incorporate all previous responses to Plaintiffs' Complaint in response to the remaining allegations.

219.     Paragraph 219 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

220.     Paragraph 220 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

221.     Defendants deny the allegations contained in Paragraph 221 of Plaintiffs' Complaint.

222.     Defendants deny the allegations contained in Paragraph 222 of Plaintiffs' Complaint.

223. Defendants deny the allegations contained in Paragraph 223 of Plaintiffs' Complaint.

224. Defendants deny the allegations contained in Paragraph 224 of Plaintiffs' Complaint.

225. Defendants incorporate all previous responses to Plaintiffs' Complaint in response to the remaining allegations.

226. Defendants deny the allegations contained in Paragraph 226 of Plaintiffs' Complaint.

227. Defendants deny the allegations contained in Paragraph 227 of Plaintiffs' Complaint.

228. Defendants deny the allegations contained in Paragraph 228 of Plaintiffs' Complaint.

229. Defendants incorporate all previous responses to Plaintiffs' Complaint in response to the remaining allegations.

230. Defendants deny the allegations contained in Paragraph 230 of Plaintiffs' Complaint.

231. Defendants deny the allegations contained in Paragraph 231 of Plaintiffs' Complaint.

232. Defendants incorporate all previous responses to Plaintiffs' Complaint in response to the remaining allegations.

233. Paragraph 233 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

234.    Paragraph 234 of Plaintiffs' Complaint does not contain any factual allegations against Defendants requiring response, however, to the extent the same does contain such factual allegations, such allegations are hereby denied.

235.    Defendants deny the allegations contained in Paragraph 235 of Plaintiffs' Complaint.

236.    Defendants deny the allegations contained in Paragraph 236 of Plaintiffs' Complaint.

237.    In response to the last, unnumbered Paragraph set forth in Complaint, beginning with the word "Wherefore," and including all subsections thereof, Defendants deny all allegations, inferences of liability and conclusions, and denies that Plaintiffs are entitled to any relief whatsoever.

WHEREFORE, having fully answered, Defendants pray that Plaintiffs' Complaint be dismissed; that the Defendants be discharged without further cost; and that the Court grant such other and further relief as it deems necessary.

Dated this 8th day of December, 2015.


                                                    s/Andrea Grant, Esq.
                                                    ANDREA GRANT
                                                    Georgia Bar No. 619471
                                                    Attorney for Defendants

LAW OFFICE OF
ANDREA GRANT, LLC
504 Bowers Street
P.O. Box 60
Royston, GA 30662
(706) 245- 9293
E-Mail:  andreagna@bellsouth.net

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served to all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

This 8TH day of December, 2015.


s/Andrea Grant, Esq.
ANDREA GRANT
Georgia Bar No. 619471
Attorney for Defendants