IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, as an organization; GEORGIA COALITION FOR THE PEOPLES' AGENDA, as an organization; MERRITT HUBERT, TAURUS HUBERT, JOHNNY THORNTON, MARTEE FLOURNOY and LARRY WEBB;<br><br>　　Plaintiffs,<br><br>v.<br><br>HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION; KATHY RANSOM, NANCY STEPHENS, LINDA CLAYTON, ROBERT INGRAM, and JIM YOUMANS, in their official capacities as members of the Hancock County Board of Elections and Registration; and TIFFANY MEDLOCK, in her official capacity as the Hancock County Elections Supervisor,<br><br>　　Defendants. | Civil Action<br>Case No. 5:15-cv-00414-CAR |

## DECLARATION OF JOHNNY THORNTON

I, Johnny Thornton, declare and state as follows:

1. I have personal knowledge of the matters stated herein and would testify to the same in a court of law.

2. I identify as African American.

3. In 2010, I purchased 4210 Jewell Road, Sparta, Georgia. This property consists of 358.5 acres, all of which is located within the borders of Hancock County, Georgia. An

1

overhead photograph of the property downloaded on February 23, 2016 from the Hancock County Tax Assessor's website is attached and incorporated herein by reference as Exhibit A.

4. Exhibit A shows two structures on the property. One of the structures is a fully enclosed, brick building with a roof. The interior of this building is 1688 square feet and includes a bathroom, appliances, lighting and heating. This building is also shown in Exhibit B, which is a photograph downloaded from the property description on the Hancock County Tax Assessor's website on February 23, 2016.

5. I also have a travel trailer on the property, which is depicted in the photographs attached and incorporated herein by reference as Exhibit C. I live, sleep and cook in the trailer, which has a bathroom, stove and refrigerator. I also spend time working, relaxing and living in the brick structure depicted in Exhibit B.

6. I maintain a mailbox at the 4210 Jewell Road property where I receive mail, including utility bills from Georgia Power, correspondence from the Defendants, other government agencies, businesses and individuals.

7. The second structure on the property is an open-air utility building. That structure is shown adjacent to the brick building in Exhibit B.

8. My Georgia driver's license shows my residence address of 4210 Jewell Road, Sparta, Georgia (Hancock County). I first registered to vote in Hancock County in approximately October 2014 when I renewed my Georgia driver's license and have continued to reside at 4210 Jewell Road Sparta, Georgia (Hancock County) since that time.

9. The 4210 Jewell Road, Sparta, Georgia (Hancock County) address is also shown on the Georgia Department of Driver's Services registrations for my personal vehicle, a Toyota Tundra truck, and trailer.

10. Since purchasing the 4210 Jewell Road property, I have become politically active in the community. I am the Vice Treasurer of the Hancock County NAACP and the Co-Chair of Economic Development for the Chapter. I am also an active participant in the Family Connections and Citizens' in Schools Collaborative. I am also currently serving as a Commissioner on the Board of the City of Sparta Housing Authority.

11. I regularly attend the Hancock County Board of Commissioner and Economic Development Board meetings. I have also attended Hancock County Board of Elections and Registration meetings, including one where I objected to the hiring of the BOER's current attorney without a competitive bidding process.

12. After registering to vote in Hancock County, I have not attempted to register or vote in any other jurisdiction.

13. About five years ago, I spent about $27,000 to fix the roof at the Jewell Road address.

14. I have maintained electric and water utilities at 4210 Jewell Road and did so at the time Ms. Stephens filed her challenge to my eligibility to vote in Hancock County. Attached and incorporated by reference as Exhibit D are copies of a small sample of the Georgia Power electrical utility bills in my name for the 4210 Jewell Road property, including the bill for the time frame when my eligibility to vote in Hancock County was being challenged.

15. I also have a generator at my home at 4210 Jewell Road.

16. I have made improvements to my home and expect to continue to do so in the future.

17. I have never invited Nancy Stephens, who challenged my eligibility to vote in Hancock County, into my 4210 Jewell Road property and she never spoke to me prior to filing the challenge about whether I was residing at this property.

18. Ms. Stephens has never asked to view the inside of any structures on the premises.

19. I am informed and believe and thereon allege that Ms. Stephens sent a letter to Tiffany Medlock, the Hancock County Supervisor of Elections. In that letter, Ms. Stephens claimed that I lived in Warren County and challenged my eligibility to vote in Hancock County. A true and accurate copy of said letter, which was produced in response to an Open Records Request to the BOER and Elections Supervisor, is attached and incorporated herein by reference as Exhibit E.

20. I never received Mr. Stephens' letter challenging my eligibility to vote, even though under Georgia law (O.C.G.A. Section 21-2-229(b)), a copy of the challenge was required to be included in any notification issued by the Defendants about the time and place of any hearing on the challenge.

21. In late August or early September of 2015, I received a letter on BOER letterhead that was signed by Ms. Medlock. The letter was dated August 28, 2015 and was addressed to me at my 4210 Jewell Road property. A true and accurate copy of the letter is attached and incorporated herein by reference as Exhibit F.

22. Ms. Medlock's letter stated that "your right to remain on the Elector's List for Hancock County *has been challenged by the Hancock County Board of Elections and Registration*" (emphasis added).

23. The letter does not indicate that my eligibility to vote had been challenged by Nancy Stephens in her personal capacity as an elector of Hancock County or as an individual member of the BOER.

24. The letter does not describe any factual information supporting the challenge to my eligibility to remain on the Hancock County voter registration list.

25. The letter continues "[y]ou are hereby summoned to appear before the Hancock County Board of Elections and Registration… on Thursday September 17, 2015 at 5 PM."

26. The letter provides that I "must be prepared to present one or more" documents from a list. The list indicates that a "bank statement," "bills," "government document" and "paycheck or government check" can be used even if they do not include an address. As noted above, my driver's license, vehicle registrations, Georgia Power bills and even the Hancock County notice of the challenge hearing (a Government document) all bore my 4210 Jewell Road address.

27. Finally, the letter stated that "[f]ailure to respond to this summons will result in the deletion of your name from the Hancock County Elector's List."

28. Due to other commitments and plans to be traveling out of the area, I requested that the hearing be continued through my attorney, Jerry Wilson. Without conferring with me about the new hearing date, the BOER set the hearing for September 28, 2015. Once again, I requested a continuance of the hearing due to my other commitments and travel plans through my attorney, Mr. Wilson. I suggested a date after November 18, 2015 since I knew I would have more availability at that time.

29. Nevertheless, the BOER decided to move forward with the challenge hearing on September 28, 2015, despite my absence from the hearing and the defective notice of both of the hearings under Georgia law that failed to include Ms. Stephens' challenge.

30. Despite the fact the challenge was brought by Nancy Stephens in her personal capacity, I understand from the record of the hearings, that Ms. Stephens was permitted to participate in the deliberation on the challenge and voted for my removal from the voter registration list.

31. This challenge was not brought as part of a general attempt to confirm the eligibility of voters to remain on the elector's list in Hancock County. Instead, Ms. Stephens cherry-picked African American voters to challenge, in my view, to prevent me and others from participating in the electoral process and to give unfair advantage to White candidates running for public office in Hancock County.

32. I have made no secret of my desire to challenge a White incumbent on the Hancock County Board of Commissioners in the May 2016 county election. I believe that Ms. Stephens' challenge was made to suppress my vote and to limit my political influence in Hancock County due to my race.

33. It is my understanding that at the January 16, 2016 Status Conference, Defendants' counsel, Ms. Grant, implied that I had lost the 4210 Jewell Road property as a result of a tax sale by the Hancock County Tax Assessor's office in November 2015 and was no longer in possession of this property. While it is true that I fell behind on my tax obligations on the property and it was sold at a tax sale in November 2015, I have 12 months from the date of the sale to redeem the property from the purchaser and have the

right to continue living on the property during this period. Thus, the tax sale issue is irrelevant to whether I am eligible to vote in Hancock County.

34. On February 23, 2016, I confirmed that the United States Department of Agriculture is in the process of making arrangements to finance my redemption of the property for the amount the purchaser paid at the tax sale, plus a 20 percent premium and that this process should be completed soon. Therefore, I have not been dispossessed of the property due to the tax sale and expect to be restored as full title owner of the property once the U.S.D.A. redemption process is finished.

35. I have also had an opportunity to review the record of the hearings on Ms. Stephens's challenge to my eligibility to vote in Hancock County. A transcription of the audiotapes of the hearings prepared by staff of Plaintiffs' counsel is attached as Exhibit G. This record establishes that Ms. Stephens failed to sustain her burden of proof that I was not eligible to vote in Hancock County under O.C.G.A. 21-2-229.

36. The record is replete with Ms. Stephens' erroneous assumptions about the property and is based upon uncorroborated hearsay and speculation. For example:

37. Ms. Stephens claimed the 4210 Jewell Rd. property extends into Warren County and that I was living in a structure on the Warren County side. Robert Ingram, a BOER member familiar with the property as a former manager of it, pointed out to Ms. Stephens that the entirety of the property was located in Hancock County.

38. Ms. Stephens also claimed that there was no electrical power running to the property. Mr. Ingram pointed out that Georgia Power would be the electrical supplier to the property and Ms. Stephens admitted she never contacted Georgia Power to determine whether I had electrical service at the property. In fact, I do have electricity at the

premises supplied by Georgia Power and did so at the time of the challenge hearings. See, Exhibit D.

39. Ms. Stephens also claimed that there were no enclosed structures on the property that could serve as a residence. BOER Chairperson, Kathy Ransom, pointed out to Ms. Stephens that she was incorrectly interpreting the Hancock County Tax Assessor's records and that in addition to an open-air shed, the tax assessor records confirmed there was in fact an enclosed structure on the property. BOER member, Robert Ingram, who had been inside the building previously, stated that the structure could serve as a residence located on the property. Ms. Stephens eventually acknowledged on the record that the enclosed structure did exist on the property.

40. While Defendants' counsel, Ms. Grant, provided the BOER with a current use application made by me in 2015, she failed to note that this was a continuation of my previous 2011 current use application and that the 2011 current use application was a continuation of the prior owner's current use. Since the current use application for the premises was first applied for prior 2012, I do not believe that I was required under Georgia law to exclude any portion of the premises used for residential purposes from the current use application as was alleged during the September 28, 2015 hearing. See, O.C.G.A. Section 48-5-7.4.

41. Ms. Grant also provided the BOER with a copy of a 2010 U.C.C. lien on a tractor I purchased. This lien was filed before I registered to vote in Hancock County and before I made my decision to make this location my primary residence and domicile for voting purposes. Thus, it was not relevant to whether I was eligible to vote in Hancock County in 2010.

42. Due to my fervent and strong desire to maintain my voting domicile in Hancock County, I retained Jerry Wilson and John Clark to file an appeal of my removal from the Hancock voter registration list in the Hancock County Superior Court within the ten-day period provided for under state law.  In addition to the Court filing fee to file the appeal, I will be required to incur substantial attorneys fees during the state court appellate process that pose a significant and undue burden upon my right to vote.  I am also concerned that the appellate process will not be completed in time for me to vote in the presidential preference primary on March 1, 2016. Therefore, I am requesting that this Court order Defendants to restore me to the voter rolls pursuant to the Court's January 21, 2016 Order since I am eligible to vote in Hancock County and Ms. Stephens failed to carry her burden of proving I was not eligible to vote at the challenges hearings.

43. I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge, except for those matters stated upon information and belief, and as to those matters, I am informed and believe them to be true and correct to the best of my knowledge.  Executed on February 23, 2015, at Sparta, Georgia

                                        /s/Johnny Thornton
                                        _____
                                          Johnny Thornton