# EXHIBIT G

## UNOFFICIAL TRANSCRIPTS OF AUDIO RECORDINGS OF BOER CHALLENGE HEARINGS RE: PLAINTIFF JOHNNY THORNTON ON SEPTEMBER 17 AND 28, 2015

Prepared by Plaintiffs' Counsel's Staff

**Unofficial Transcript of September 17, 2015 Hancock County BOER Challenge Hearing Re: Johnny Thornton.**

| | |
|---|---|
| Kathy Ransom | All we're… well she is reading out what's written in the report and um, we are just addressing the ones that we are challenging, the, the folks here. So the next one on your list? Thank you. |
| Nancy Stephens | Um, we're two no shows. Patrick Warren and Johnny **[indistinct]**. |
| Kathy Ransom | Okay. |
| Ms. Grant | Madam Chair, it would be my suggestion that we go ahead and hear Ms. Stephen's challenge because it is my understanding um, that a letter was sent to Mr. Thornton and may I ask Ms. Medlock if that letter was returned? |
| Ms. Medlock | No, that letter was not returned. |
| Ms. Grant | So. Since that letter was not returned, I would ask that Ms. Stephens give her information and then Ms. Medlock give her DDS information and any other information to this panel regarding this matter and then we can proceed from there. Is Mr. Thornton here today? |
| Jerry Wilson | No, he isn't. Um, members of the Board, My name is Jerry Wilson and I'm here on behalf of Mr. Thornton. He is not in the State at this time. Ah he would like to continue this and ah, figure out another date on which could handle all of this. |
| Kathy Ransom | Well, it's my suggestion that we go ahead and since you're here – and hear the information, I would recommend to the Board and then I have to wait and hear, of course, what Ms. Medlock says, but it would be my recommendation to the Board to go ahead, hear the information and then table a decision until we can have an opportunity to notify, um, you or if he's given you authority, to notify through you, of the next hearing date. |
| Jerry Wilson | That would be fine. |
| Kathy Ransom | Um, obviously, time is of the essence, because we have, like we said, there were hundreds of challenges, so we're trying to get them scheduled. |
| Jerry Wilson | Right. |
| Kathy Ransom | But I don't get to make the decision. But it's going to be up to the Board after they hear the information. I would strongly suggest that they do table his decision and then perhaps you and I can have a |

| | |
|---|---|
| | discussion after that as well. |
| Jerry Wilson | Very well.  Thank you. |
| Kathy Ransom | Mr. Youmans. |
| Jim Youmans | Um, may I have you state your name a little bit louder for the record, please? |
| Kathy Ransom | Sir.  Could you please repeat your name? |
| Jerry Wilson | Jerry.  J-e-r-r-y. |
| Kathy Ransom | Full Name. |
| Jerry Wilson | First grade reader.  Last name, Wilson.  W-i-l-s-o-n. |
| Kathy Ransom | Thank you. |
| Jim Youmans | Thank you.  Madam Chair, I would make a motion that we table the hearing… |
| Kathy Ransom | Well, we need to go ahead and hear Ms. Stephens. |
| Ms. Grant | We're going to hear Ms. Stephens' information, then table. |
| Kathy Ransom | And then we'll… |
| Jim Youmans | Thank you, Mr. Wilson. |
| Ms. Grant | That would be my recommendation. |
| Kathy Ransom | I believe that would be… |
| Nancy Stephens | Johnny Thornton, the first page is my letter challenging him as an elector in Hancock County.  The second page is Ms. Medlock's letter to him. |
| Kathy Ransom | Excuse me, I don't think we have the additional information for Mr. Thornton. |
| Ms. Grant | We don't have a copy. |
| Nancy Stephens | Okay.  It should be in there.  Wait a minute, let me make sure. |
| Kathy Ransom | She has a packet of that information. |
| Jim Youmans | It was in the case. |

| | |
|---|---|
| Nancy Stephens | Ah ha! |
| Jim Youmans | Yep.  Yep.  She passed it out right at the… |
| Nancy Stephens | It was the last one. |
| Jim Youmans | Thank you _____. |
| Ms. Grant | Do you have one for me? |
| Kathy Ransom | And me. *[laughing]* |
| Nancy Stephens | I'm sure I do.  Hold on just a second… Yes.  Sorry.  Okay.  The first page is my challenge, my letter to Ms. Medlock, challenging Mr. Thornton as a voter in Hancock County; the second page is Ms. Medlock's letter to Mr. Thornton, advising him of this hearing; the third page is the Hancock County Board of Tax Assessors.  Now Mr. Thornton owns quite a bit of property.  He owns it in Warren County and in Hancock County.  If you'll look on the Hancock County Board of Tax Assessors sheet, it shows open land, open land, ponds, ponds, woodlands.  Up at the top, under acres, it shows 358.5, when you add up the number of acres for the open land, the ponds, the woodlands, it adds up 358.5.  It also shows that accessory information; there's a fence and there's an implement shed.  So there is no residence there.  There's only an implement shed and a fence.  If you look at… now there's a picture of the shed from Hancock County; there's a drawing; a sketch of the shed; the last page is Warren County's Board of Tax Assessors information and it does show that there is a building there with bathrooms and bedrooms and a residence on the Warren County property, but not on the Hancock County property; and in order to be registered to vote in Hancock County, he has to actually reside in Hancock County.  That's the information I have. |
| Ms. Grant | Ok, Ms. Medlock, **[indistinct]** |
| Nancy Stephens | Did you receive any correspondence from this report?  **[indistinct]** of the correspondence? |
| Tiffany Medlock | Through the DDS website as of 4:30, September 17th, Mr. Thornton actually listed his residence address as 4210 Jewell Road.  We received an additional voter registration card. |
| Jim Youmans | Lists his address where, please? |
| Tiffany Medlock | 4210 Jewell Road. |
| Jim Youmans | Is that in Hancock County? |

| | |
|---|---|
| Tiffany Medlock | Sparta.  Yes Sir. |
| Jim Youmans | Thank you. |
| Tiffany Medlock | We received an additional voter registration card on July 30th with the same address, 4210 Jewell Road.  Mr. Thornton actually sent a letter today saying that he would not be able to be here.  That his attorney, Mr. Wilson would be here in his place and he would like for us to include any other information that we sent to him in reference to a challenge, to his attorney. |
| Kathy Ransom | Okay.  Ms. Medlock, I believe that you have testimony of a discussion in our office with Mr. Medlock, I mean, I'm sorry, Mr. Thornton. |
| Tiffany Medlock | On Thursday, last Thursday, September 10th, Mr. Thornton came into the office questioning the information about… he was being challenged. He said he had not received any information from our office and he also stated that he does not do much business in Hancock County, someone else picks up his mail.  And that was the information provided to us. |
| Kathy Ransom | Okay.  Was there anybody else that heard Mr. Thornton say this to you? |
| Tiffany Medlock | Um, yes.  Our Chief Deputy Registrar, Ryan Barr was also in the office. One of the newer deputies that's here; I'm not sure of her name and also Marlon Promise. |
| Kathy Ransom | Okay. |
| Tiffany Medlock | Promise.  Yeah. |
| Kathy Ransom | Does the Board have any questions for Ms. Medlock? |
| Robert Ingram | I don't have any questions for Ms. Medlock, but I do have questions for Ms. Stephens. |
| Kathy Ransom | Okay. |
| Robert Ingram | Concerning her property record cards. |
| Kathy Ransom | Alright, Ms. Medlock …  Are we finished then with Ms. Medlock? |
| Nancy Stephens | Before we get to that, do you want to have testimony from the dep, the Assistant Deputy… |
| Kathy Ransom | Yeah. |
| Nancy Stephens | Before we start on the… so we stay on the same wavelength. |

| | |
|---|---|
| Kathy Ransom | Okay. |
| Ryan James Barr | At one point, we'll table the decision and will we have an opportunity to revisit these witnesses and question them in the next proceeding? It would seem a little inappropriate to conduct a full hearing without them here. |
| Kathy Ransom | I would assume, barring some unusual situation, both the Deputy … the Chief Deputy and Ms. Medlock and Ms. Stephens will be present in any subsequent hearings. |
| Ryan James Barr | Thank you. |
| Kathy Ransom | Okay, Mr. Barr would you raise your right hand? Do you swear to tell the truth, the whole truth and nothing but the truth to the information you are about to give? |
| Ryan James Barr | I do. |
| Kathy Ransom | Thank you sir. |
| Ryan James Barr | Just to echo our elected Supervisor, Ms. Tiffany Medlock, Mr. Thornton did come to our office on the 10th and he said he did not receive a letter from our office, that he had someone else picking up his mail in Hancock County and he doesn't do much business in Hancock County. |
| Kathy Ransom | Okay. Did he indicate how he heard about… |
| Ryan James Barr | No. He did not. |
| Kathy Ransom | If he did not receive the notification? |
| Ryan James Barr | He claims he did not receive the notification that he was being challenged from the letter that was sent from our office. |
| Kathy Ransom | Okay. Did you all provide him with a copy of it? |
| Ryan James Barr | I'm… I believe we did. |
| Kathy Ransom | Okay, any questions for Mr. Barr? Thank you Mr. Barr. |
| Ryan James Barr | Thank you, Madame Chair. |
| Kathy Ransom | All right. Ms. Stephens, I think you're back up with questions from our Board. |
| Nancy Stephens | Okay. |

| | |
|---|---|
| Kathy Ransom | Would you please go to the podium. Or near it. |
| Nancy Stephens | Okay. If I could have just one second. [As an aside] Do you want me to… let's see if this gentleman didn't show up, do you want me to see… |
| Kathy Ransom | Well no. We're still on this one. |
| Nancy Stephens | Okay. |
| Kathy Ransom | Let's just stick this one…I believe Mr. Ingram had a question… |
| Nancy Stephens | Oh. Okay. |
| Robert Ingram | Ms. Stephens, you indicated that the Warren County record called indicates that this is a building owned by Mr. Ro, Mr., ah, Thornton? |
| Nancy Stephens | Uh huh. |
| Robert Ingram | That it, that it's owned by Mr. Thornton. |
| Nancy Stephens | It's the same piece of property. It's the same tract of land. It goes into Warren County and it goes into Hancock County. It's the same tract of land. We all know it as the "Catfish Farm". |
| Robert Ingram | Well, that's… having mentioned the "Catfish Farm", Ms. Stephens, that farm consists of 358 acres bounded on the south by Folsom Creek; on the east by the **[indistinct]** River, which is the boundary line for Warren County and Hancock County. It does not extend into Warren County. This property of record card that you have here is for an apartment building owned by Alexandria Development that's not, that's not Mr. Thornton owns this. The implement shed that you indicate says only implement shed. The implement shed is the open-air building behind. You failed to mention that this is an office building with the capability of having bedrooms in it. I'm not saying that there are, but just you mentioned that as being an implement shed. That is… the implement shed is the open air building behind where the tractors are farmed. There's a fully enclosed office building **[indistinct]** actually uses that as a residence. I'm not testifying to that, but I'm saying that it has the capability as being used as a residence. There are four op, there are four large rooms in that building. |
| Nancy Stephens | Okay. Excuse me just a second. If you'll look at the Hancock County Board of Tax Assessors printout, you'll see that it says accessory information, description; commercial fence, six chain link and implement shed and it says show photo. So it's showing a photo of the implement shed. Okay? Now, it also has a sketch that shows three rooms or three separate areas. Now whether they're rooms… if you'll read on… on the Hancock County Tax Assessors' website, part of the |

| | |
|---|---|
| | building does not have a ceiling; part of it does not have any heat; um, interior walls are unfinished. You know, I'm just going by what the Hancock County Board of Tax Assessors website says. |
| Kathy Ransom | So you're reading the improvements. Because that's two buildings. |
| Nancy Stephens | Under accessory information on Hancock County. |
| Kathy Ransom | I'm looking at improvement information, do you see that? |
| Nancy Stephens | Uh huh. All right. |
| Kathy Ransom | It also indicates a building that's… and I think Mr. Ingram is stating… if you look at this picture, there is an open-air. My brother-in-law has one of those for his tractors and everything. And then there's a building in front of that, okay? I believe we have two buildings right here. |
| Nancy Stephens | Right. And they're right here. They're pictured right here. |
| Kathy Ransom | Right. Yes. Exactly. So, the accessory refers to the implement shed, the improvement refers to that that building in front of it in that picture, which in this, it shows it has a roof cover, interior walls, reinforced concrete, floor construction, floor finish; carpet, vinyl tile, ceiling finish; sheet rock, lighting, it has lighting, central air and heat. It's a wood frame. It gives its dimensions so for the first building, it indicates it doesn't give the number of rooms; I think Mr. Ingram has given notice he's actually been there before; to that building. So we have two buildings over… |
| Nancy Stephens | Okay. If you'll look right here, where it says sketch of building one, building images; sketch of building two, this is those… that. |
| Kathy Ransom | Uh huh. Yeah. I think |
| Nancy Stephens | So that's exactly what it is. |
| Kathy Ransom | Okay, so we have two buildings, correct? One is an open-air structure. |
| Nancy Stephens | An open-end shed. |
| Kathy Ransom | And one is a closed structure. |
| Nancy Stephens | Right. |
| Kathy Ransom | Okay. |
| Nancy Stephens | But, if you look under…you have implement shed under accessory information, then you have improvement information, unfinished walls, |

| | |
|---|---|
| | no ceiling, no heat.  I mean, I'm just reading what this says. |
| Kathy Ransom | I think we can all agree that that is the… that is the implement shed. |
| Nancy Stephens | Uh huh. |
| Kathy Ransom | But if you look very carefully, it says Building One and Building Two.  Okay?  Do we… The implement shed is open-air and Building One is enclosed.  All right.  Anything else, Ms. Stephens? |
| Nancy Stephens | No.  That's fine. |
| Kathy Ransom | Did you have, Ms. **[indistinct]**? |
| Nancy Stephens | No.  I don't have any further questions.   If the Board doesn't have any questions, then I would suggest that the Board tables this one until your next scheduled hearing of challenges and notify Mr. Thornton through his attorney. |
| Jim Youmans | I have one more question. |
| Kathy Ransom | Absolutely. |
| Jim Youmans | What was the DDS address **[indistinct]** to deposit Medlock? |
| Tiffany Medlock | 4210 Jewel Road. |
| Jim Youmans | And that is the location on this Board of Tax Assessors?  That's that I wanted to confirm.  Thank you ma'am. |
| Kathy Ransom | And the legal description says "Fish Farm", correct? |
| Jim Youmans | But the location address is 4210 Jewel Road and I just wanted to confirm that.  Thank you. |
| Kathy Ransom | Thank you.  All right.  We've completed asking Ms. Stephens or anyone else?  May I have a… entertain a motion please?  Mr. Youmans? |
| Jim Youmans | Madame Chair, I mentioned that we postpone or table; that we postpone the challenge hearing for Johnny Thornton until his presence can be made available to us so that he can be given the right to speak of his own accord.  Is that right? |
| Kathy Ransom | [*Chuckling*] |
| Nancy Stephens | I would suggest that a motion be… that your motion um, be edited a little bit to… that the vote on the challenge be tabled to the next challenge hearing and notification of such time be given to his legal |

| | |
|---|---|
| | counsel. Is that your motion? |
| Jim Youmans | Stand by. |
| Kathy Ransom | [*Chuckling*] He said "stand by". |
| Jim Youmans | Madame Chair, I'd like to amend or restate my motion. |
| Kathy Ransom | Okay. |
| Jim Youmans | I move that the vote on the challenge for Mr. Thornton be tabled for the next hearing and make sure there's notification to both Mr. Thornton and his counsel. |
| Kathy Ransom | Okay. We have a motion on the floor. |
| Ms. Grant | I second. |
| Kathy Ransom | We have a motion on the floor and a second that they vote on the challenge on Mr. Johnny Thornton be tabled to the next hearing with notification being given to Mr. Thornton and to his counsel. Any questions. Let's vote. |
| Unanimous | Aye. Aye. Aye. Aye. Aye. |
| Kathy Ransom | The vote is unanimous. We will table this challenge to Mr. Thornton to our next scheduled hearing. |
| Ms. Grant | Madame Chair. If it's acceptable to the Board, I have given Mr. Thornton's attorney a copy of everything that we want today, so I no longer have a copy, but I guess I can get a copy. Does anybody have any problems with the attorney keeping it? |
| Kathy Ransom | Absolutely. |
| Ms. Grant | Okay. Until I get me a copy later. It would be easier to get me a copy than him a copy. |
| Jerry Wilson | Thank you. |
| Kathy Ransom | And may we have some contact information from you sir? |
| Ms. Grant | I've got it. |
| Kathy Ransom | You've got it. Okay. We're good-we're good. Thank you. All right. Was there another one? |
| Nancy Stephens | Yes. [As an aside] What do you want to do about the one that didn't… |

| | |
|---|---|
| | said he couldn't show up? |
| Kathy Ransom | The same process. The second process. |
| Nancy Stephens | Do you need that? |
| Kathy Ransom | Yes. |
| Nancy Stephens | Okay. This is Patrick Warren. He lives at 12127 Broad Street, Sparta, Georgia. The first page is my challenge letter; the second page is Ms. Medlock's informing him of when the challenge hearing was going to be; the third page is State Election Board Minutes from Tuesday, September 24, 2013, page 6 of 9. Under No. 9(t) SEB Case No. 2011-000059 Hancock County, Chris Harvey presented this case and recommended that the case be referred to the Attorney General's Office, Rusty Simpson made a motion to bind the respondents of the case, Hancock County Board of Elections, Jeanette Wadell, Aretha Hill, Maxine Evans, Annie Kemp, Gwendolyn Ashley, Ruby Richardson, Charlie Hendrick, Laquitia Kitchens, Wanda Dawson, Felicia Evans, Angela Ingram, Glenn Ingram, Patrick Warren and Jennifer Pitts to the Attorney General's Office and issue letters of instruction to Sylvia Culver, Betty Wheeler, Sheila Cover and Susan Piersen, Tex McGyver seconded and the motion passed unanimously 5 to 0. If you look on the third page past that, you will see that Patrick Warren... um, there was one count of O.C.G.A. subsection 21-2-216(a)(1) qualifications of electors generally and four counts of fraudulent entries; O.C.G.A. Subsection 21-2-562(a)(1) and then if you will look in the Investigation Division Supplemental Report, under Complaints, it says No. 3; a complaint was received that electors Angela Ingram, Jennifer Pitts, Patrick Warren, and Felicia Evans voted in the City of Sparta Municipal General Election on November 6, 2011, but they did not reside in Hancock County. If you go several pages over, you will see that Patrick Warren lives at 829 Trade Wind Road, Macon, Georgia 31206 and... bear with me just a second... several more pages over it says that Patrick Warren has resided at 829 Trade Wind Road in Macon, Georgia since 2009 and he resides with LaTonya Raines. Patrick Warren's drivers license lists the address in Macon as his home address. Patrick Warren has always voted in Hancock County and then near the... one of the last pages, it says Patrick Warren elector did violate O.C.G.A. subsection 21-2-216(a)(1) qualifications of electors generally and that he is registered to vote in Hancock County, but he resides in Bibb County. Patrick Warren's voter registration card list 12127 Broad Street in Sparta as his address. Patrick Warren has resided at 829 Trade Wind Road in Macon, Georgia since 2009 and his drivers license lists the same address violate O.C.G.A. subsection 21-2-562(a)(1) fraudulent entries, four counts in that he inserted the address of 12127 Broad Street as his residence on voter certificates, affidavits and ballots or other records or documents that were connected with elections in Hancock County. |

| | |
|---|---|
| | Patrick Warren has resided at 829 Trade Wind Road in Macon, Georgia since 2009 and his drivers license lists the same address. And that's all I have on him. |
| Kathy Ransom | I believe that we… Mr. Barr spoke with Patrick Warren **[indistinct]** conversation with him? He is not present. I want to make sure he didn't come after all. All right. |
| Mr. Barr | Um, the brief phone conversation I had with Mr. Warren today basically stated that he wouldn't be able to come this evening due to his work schedule, but he would be sending a letter to the Board about his feelings on the matter. |
| Kathy Ransom | Okay. |
| Mr. Barr | And that was pretty much the extent of the conversation. |
| Ms. Grant | May I? |
| Kathy Ransom | Go ahead and speak. |
| Ms. Grant | Did he also say when he would be sending the letter? |
| Mr. Barr | He did not. |
| Ms. Grant | Thank you. |
| Kathy Ransom | Okay. All right. Thank you. Mr.….? Yes. |
| Jim Youmans | May I ask the counsel if we can proceed with this. |
| Ms. Grant | Well, let's finish up the testimony and then… |
| Jim Youmans | Oh. I thought… I'm sorry… |
| Ms. Grant | Well, I didn't know if Ms. Medlock had anything to add about… |
| Kathy Ransom | Thank you Mr. Barr. |
| Mr. Barr | Thank you, Madame Chair. |
| Kathy Ransom | Ms. Medlock please. |
| Tiffany Medlock | The Department of Drivers Services Records as of 4:20 on 9/17 states that Patrick Liddell Warren resides at 829 Trade Wind Road, Macon, Georgia 31206. County of current residence: Bibb. |
| Kathy Ransom | Okay. |

| | |
|---|---|
| Ms. Grant | Now I'll be happy to address the question if the Board has no other questions for them. |
| Kathy Ransom | Supervisor or Ms. Stephens? |
| Ms. Grant | Correct. |
| Kathy Ransom | Any questions for Ms. Stephens.  Okay.  Mr.  Youmans? |
| Jim Youmans | Oh no.  My only question was how do we proceed for next week.  It looks like Mr. Wilson wants to speak, but… |
| Kathy Ransom | Are you representing Mr. Warren as well, Mr. Wilson? |
| Jerry Wilson | We've had some communications; we did not formally handle the details of representation, but I'd like the opportunity to discuss this with him and if you could table this one, along with Mr. Thornton, I would be most appreciative so that **[indistinct]** opportunity to at least, you know, consider and come up with some sort of ah, ah, response to what you do have on him.  This one is pretty significant.  We have a Macon police officer involved and I think he deserves the opportunity to at least be able to put on some sort of case concerning his condition or his status. |

| | |
|---|---|
| Andrea Grant | Madame Chair, would you please swear Ms. Stephens in? |
| Kathy Ransom | Ms. Stephens, do you swear to tell the truth, the whole truth to the information you are about to give |
| Nancy Stephens | I do. |
| Andrea Grant | Will you share with us your um, challenge, Ms. Stephens? |
| Nancy Stephens | Ok, Mr. Thornton is registered to vote in Hancock County. He does own a can-some property, a catfish farm and he use-has a mailbox there, 4210 Jewel Rd., Sparta, Georgia. That's where Ms. Medlock sent the letter. I don't know if it was returned from there or not. But if you will look in your packet there is a copy from Hancock County Board of Tax Assessors showing that his tax bill goes to 4945 Ogeechee River Road in Warrenton, which is in Warren County. And that's where he is residing there was a question last time as to whether he was residing at the Jewel Rd address. Over the last several years he has applied numerous times for permits to have power to that address and has… each permit is good for a year and each permit has expired and the power has not been ah, hooked up.<br><br>Also I talked to the…and I'm not sure exactly what…if she was the caseworker or what the title is of the lady from USDA who is handling his case. And she said she has sent…she wanted a good address on him because she said she had sent quite a few letters to the Jewel Road address and quite a few have been returned. So I'm just…he's…from the records I'm finding, he's living in Warren County, but he has registered to vote in Hancock. |
| Andrea Grant | Does the Board have any questions for Ms. Stephens at this time? |
| Kathy Ransom | Should we also recall that there was additional testimony by… |
| Andrea Grant | Yes, I was… |
| Kathy Ransom | Ok. |
| Andrea Grant | Yes I was and-and …you may take over on this one, if you'd like. I was just trying to get through those others and If-if we could call Ms. Medlock back to remind her she's under oath and let Ms. Medlock refresh our memory on Mr. Thornton and his driver's license. |

| | |
|---|---|
| Tiffany Medlock | Ok. For Mr. Thornton, he is registered through DDS at the 4210 Jewel Rd., that's where his initial registration came from. For us, Mr. Thornton came into our office on September 10th and he stated he does not do much business in Hancock County. He stated that he had heard that he was on the list to be challenged and that he doesn't do much business here. He said someone picks up his mail from that address and it's not him and he wasn't aware of the information that he was actually being challenged. |
| Andrea Grant | Were any letters returned? |
| Tiffany Medlock | No letters have been returned. |
| Andrea Grant | Did you issue a Sheriff's summons for him? |
| Tiffany Medlock | Yes, and his has not been returned. |
| Andrea Grant | …from the Sheriff's department? |
| Tiffany Medlock | From the Sheriff's department. |
| Andrea Grant | Ok. Do we have any questions for Ms. Medlock? Were there additional…was this one that there was additional information from Board members? Okay, Ms. Ms. Ransom, if you recall, you were under oath, could you share with the Board that information? |
| Kathy Ransom | So can I sit here or shall I go? |
| Andrea Grant | It's-its your Board. You can do what you want. |
| Kathy Ransom | Alright. After my first meeting that I chaired, I was stopped by Mr. Thornton outside. He wanted to speak to me and I gave him my number and he called me a day or so afterwards. I'm not quite sure, this was in February. We had a lengthy conversation, basically a getting-to-know-you, what I'm about and what he wanted to know, more about me.<br><br><br>He told me that he purchased the catfish farm about 5 years ago, that he'd been trying for quite a while. Kind of frustrated in getting that business running. He tried to get assistance for the county. He had tried to get assistance form the Board of Education. He's basically trying to get um, assistance in funding. And he pretty much indicated to me, he's not really familiar with a lot of Hancock County. He's becoming familiar with different people and organizations but to me, when we had our discussion, he was telling me that this place is his business. |

| | |
|---|---|
| Andrea Grant | Does anybody have any questions for Ms. Ransom? |
| Kathy Ransom | Ms. Stephens? |
| Nancy Stephens | But did that, did he indicate that was his residence?  That he was living in Hancock County? |
| Kathy Ransom | No.  Primarily the conversation focused on him using this property as a catfish farm he was trying to restore as a catfish farm. |
| Andrea Grant | May I ask a question of Ms. Stephens? |
| Kathy Ransom | Yes. |
| Andrea Grant | When you were talking about the electricity, I wanted to be sure, you were referring to there was no electricity being run to the structure in Hancock County. |
| Nancy Stephens | Correct. |
| Andrea Grant | So, if somebody is living in that residence it does not have electricity? |
| Nancy Stephens | Right. |
| Andrea Grant | And Madame Chair, I do have…I can't…as a… |
| Kathy Ransom | I think he has a question. |
| Andrea Grant | Go ahead. |
| Robert Ingram | Which structure? |
| Nancy Stephens | Any. |
| Robert Ingram | There's no electricity on the farm, period?  Cause there are-there are several structures there. |
| Nancy Stephens | On the Hancock County property there is no electricity. |
| Robert Ingram | There has been no electricity for how long? |
| Nancy Stephens | Several years.  He's applied for several permits.  I understand over the last 3 or 4 years and their good for a year and they expire.  Then he applies again and it expires and to their knowledge it has not been… no electricity has ever been turned on. |
| Robert Ingram | Your sole information is Georgia Power, Warren County? |

| | |
|---|---|
| Nancy Stephens | The Hancock County Building and Zoning Department. |
| Robert Ingram | That-that…now he's applying for [_____] for Hancock? |
| Nancy Stephens | He has to apply for a permit from Hancock County Building and Zoning. |
| Robert Ingram | Unless it has changed, the fish farm is serviced by Georgia Power for Warren County. The electric permit should be taken for Warren County. |
| Nancy Stephens | The property's in Hancock County so he has to go… |
| Robert Ingram | I'm aware of where the property is located. I'm saying that Georgia Power serves that area. |
| Kathy Ransom | Is he giving testimony in this regard? |
| Robert Ingram | But I'm still sworn in ma'am… |
| Kathy Ransom | I don't think we actually sworn you in, Sir. |
| Andrea Grant | Well, I think he's asking a question. I don't think he's giving testimony. |
| Kathy Ransom | I just wanna make sure that-that yeah…. |
| Andrea Grant | I think-I think, he's just asking a question, but that's a very-very excellent point. |
| Kathy Ransom | I just wanna make sure |
| Andrea Grant | So, what-what I'm hearing is you have concern that if she checked with the power company, she checked with the wrong county…I mean the wrong company. However, what I'm hearing from her saying is that, in order to get a permit, you first…to get the power, you have to go to planning and zoning in the county. |
| Robert Ingram | That's the difference, you can apply for planning and zoning permit to Hancock County, but the power supply for Warren County cause that this kinda on certain boundaries, is covered by other utility companies. |
| Andrea Grant | Right. Service deriva service right… |
| Robert Ingram | In that area, the mail used to be covered by the ah, Warren County in dual, postal services. |
| Andrea Grant | Right. |

| | |
|---|---|
| Robert Ingram | The-the Georgia Power covers the electrical part, I could say I used to manage the farm, I would, electricity was [*inaudible*] |
| Andrea Grant | But I guess, my-my question, and I do a lot of planning and zoning, you know, in land use and real estate, so my question is though in order for them, and I don't know if you all know the answer to this, but in order for Hancock County to issue a permit to the let the electricity come on to the property, they would first have to issue the permit before Warren County could hook the service up. Isn't that how it works? |
| Nancy Stephens | Yes. I was told that he would have to apply for a permit in Hancock County before he could have any electricity… |
| Andrea Grant | Then he takes that permit to the power company and the power company…whatever power company hooks it up… |
| Nancy Stephens | Right. |
| Andrea Grant | Does-does that make sense? And I'm not sure that's how it works, I'm just… |
| Nancy Stephens | That's what I was told. |
| Andrea Grant | I'm hearing two different things is all… |
| Nancy Stephens | But-but, he has to get he wants- if anybody has a piece of property in Hancock County and they want power to that piece of property they have to apply to the Hancock County Building and Zoning Department. They issue a permit which is good for a year and then the property owner has to take that to the electric provider to get them to hook the power up. |
| Andrea Grant | So, it's your testimony that you didn't talk to the power company, you talked to planning and zoning? |
| Nancy Stephens | Yes, but he has, for the last 3 or 4 years, he has gotten permits that are good for a year, they've expired, and to their knowledge, there's not been any turned on out there on the property. |
| Andrea Grant | Go ahead, Sir. |
| Robert Ingram | But, what-what does Georgia Power of Warren County say? Have they turned the power on at all in the last year? Or the last two years? Whenever else for permission granted. If you check the Georgia Power of Warren County to see had they turned it… I don't think it's necessary once the power's on. You issue a permit from planning and zoning, when-when you need the inspection from planning and zoning. All of those existing properties should not require inspection from |

| | |
|---|---|
| | planning and zoning. So whether its not Georgia Power of Warren County turns the prop-utilities on-on the fish farm do you [*inaudible*]… |
| Nancy Stephens | I have not talked to Georgia Power. |
| Robert Ingram | I think we need to know what Georgia Power of Warren County has done, since that's where the power source comes from, rather than what planning and zoning said yes i-he should have admit as well not Georgia Power of Warren County turn the utilities on. We don't know and its not even [*inaudible*] |
| Kathy Ransom | But in-in your testimony he has attempted to get zoning a number of times and they go to a point and expire and he that's it he goes again. |
| Nancy Stephens | He's-he has gotten permits over the last 3 or 4 years and they're good for a year. And they expire, and then he'll get another permit and that expires. But he still has his mailing address for his tax bill and showing on the Board of Tax Assessors website, his mailing address is on Beachy River Road Warrenton, Georgia which is in Warren County. |
| Kathy Ransom | Are these permits for electricity? Are they specific? |
| Nancy Stephens | This particular permit was for electricity. |
| Kathy Ransom | And when you told whether there is a permit now for electricity? |
| Nancy Stephens | Yes, there is a current permit now. |
| Jim Youmans | May I ask…Madame Chair… |
| Kathy Ransom | Mr. Youmans? |
| Jim Youmans | May I ask the attorney-our Board attorney a question? Is-in 217 which are the requirements unit for ballot voter registration forms of identification and whatnot, is a power bill is a form of identification? Is that correct or? |
| Andrea Grant | It could be-it could be an indication of intention of residence. But you would have to be taken into consideration with all the other factors. You couldn't use it in and of itself. |
| Jim Youmans | Ok. |
| Andrea Grant | But, it-it would be a logical jump if you don't have electricity that it would be a difficult to say that you were living in in it. Now I know there-there are situations and there are homeless people, you know, and we do have to be are of that, that, you know, everybody may not have elect-electricity. But that-that could be an indication of whether that |

| | |
|---|---|
| | was used as a residence or not. |
| Kathy Ransom | I think that we add, excuse me ladies, oh that the attorney for Mr. Thornton did call this morning…or no-no, I'm sorry, Ms.-Ms. Medlock called. I think we should have her let us know about that conversation… |
| Andrea Grant | Yes, could you please tell us about that conversation? And let's back up. Last…at our last hearing on the 17th, was there an attorney for Mr. Thornton present? |
| Tiffany Medlock | Yes. |
| Andrea Grant | And can you remind us, either you or the secretary who did the minutes, remind us of what Mr. Thornton's attorney said? |
| Tiffany Medlock | Mr. Thornton's attorney, jerry Wilson, stated that any and all communications from that point on, be sent to him in reference to Mr. Thornton. And after that, I received an email from Mr. Wilson stating that Mr. Thornton would be out of town until November 18th. I called him back this morning after he had left a message for me on Friday evening. I called him back this morning and he stated, you know, he had not hear from Mr. Thornton anymore since the previous contact and he wanted to know if I'd heard anything from him in reference to coming to or attending the meeting today. |
| Andrea Grant | Did he tell you if he was still representing Mr. Thornton? |
| Tiffany Medlock | From my understanding, he is still representing Mr. Thornton. |
| Andrea Grant | And he acknowledged receiving the letter and the notice… |
| Tiffany Medlock | Yes |
| Andrea Grant | …and is not here today with us? |
| Tiffany Medlock | Right. He received it by email, fax and through regular mail. |
| Andrea Grant | Thank you. Does the Board have any other questions? Um, If it may please the Board, as I mentioned, I do a lot of real estate work in planning and zoning as well, and I can't give…you can't swear me in, because I'm your attorney, I can't do two roles but as-as a representative of the-of the um, of the Bar. I can tell you that on GSCCCA, which is the website that lists all the deed records and everything that is recorded in um, in the county. On April 7th 2015, Mr. Thornton did file an application and questionnaire for current use assessment of bona fide agricultural property and he did list his address. The owner's mailing address, once again, it doesn't say residence, it says |

| | |
|---|---|
| | owner's mailing address, so you'll have to make your decisions, I'm just giving you information. Is 4945 Ogeechee, I think that's supposed to be River Road., it says Riv Road., in Warrenton, Georgia. Total acles-acres, 358.50. Property location is in 4210 Jewel Road and it was signed by him and approved for him to have conservation use ending on December 31st, 2014. And again, it's just information for you all to consider.<br><br>Also there's a USCC financing statement under Mr. Thornton's name by the USDA Farm Service Agency. This is a recorded at deed book 408 page 297. Again, this one-this one was very rec-this one is very recent, the first one I gave you. This one was dated back to 2010 so I'm not going to tell you how to consider your information, but this is an older piece of information. Once again, it had Mr. Thornton at a PO Box in Locust Grove. So, I would not think this would be…weigh as heavily as-as the one that was filed this year. And again, all I'm doing is-is giving you the information that I can gather from public records for this one. And if you have any questions for me, please let me know. |
| Kathy Ransom | Oh yes, I am sorry I apologize…. I have a question for Ms. Medlock. Do you have a record of when Mr. Thornton registered to vote? |
| Tiffany Medlock | Mr. Thornton came back in our office July of this year. He came back and filled out a registration card by hand but I wanted to say the previous one was maybe in April, through DDS was in April of this year. |
| Kathy Ransom | Ok. |
| Andrea Grant | And if you will recall, Board members, once again the letter was not returned. We did table this for um, one for one time based on the attorney's _____ The information was duly certified under-under 217, I mean under 228. We gave the appropriate notice…we were…you gave enough notices. If you feel that you should go on with a motion at this time, you may do that or you may, once again, you may once again table it but in the…I'll have to let you all make that decision. |
| Kathy Ransom | Mr.-Mr. Ingram? |
| Robert Ingram | The granted of um, conservation use on the property. I notice he claimed 358 acres which is the totality of the acreage of the fish farm. In order to claim a residency, he would have had to declare at least an acre to 5 acres as not granted conservation use on. So he's not claiming a call to that um, any portion of that for residency. |

| | |
|---|---|
| Kathy Ransom | Thank you, Mr. Ingram.  Ms. Stephens, I'm sorry. |
| Nancy Stephens | I'd like to make a motion that Mr. Johnny Thornton be removed from the Hancock County voter electors list due to the fact he is residing in Warren County and not Hancock County. |
| Jim Youmans | …and removed in accordance to um… |
| Nancy Stephens | Let me reword that.  I'm sorry.  I'd like to make a motion that we remove   Johnny Thornton from the Hancock County voter list as it does not appear he is residing in Hancock County and we have not had any response from him or his attorney. |
| Jim Youmans | How imp-Madam I second, just for the sake we can discuss the-the motion. |
| Kathy Ransom | Alright, let's discuss the motion, it's been discussed…I'm sorry. Motion and second that Johnny Thornton be from the Hancock County voter list as it appears he lives in Warren County and we've had no response from him or his attorney. |
| Nancy Stephens | I change that.  He does not live in Hancock County and we have had no response from him or his attorney. |
| Jim Youmans | And then, I wanted- Madame Chair, may I ask the attorney a question? |
| Kathy Ransom | Sure.  Absolutely. |
| Jim Youmans | Attorney Grant, how imperative is it that…to add the phrase "be duly notified of their removal?" |
| Andrea Grant | She's gotta do it anyway, but, let's back up.  She changed her motion, so you had a second on the prior motion.  So… |
| Jim Youmans | Um I.. |
| Kathy Ransom | We have an amended motion. |
| Andrea Grant | Do we have an amended second? |
| Jim Youmans | I would like to, represent my second as also being for the amended motion. |
| Kathy Ransom | Ok.  Alright we a motion…amended motion and a second that Johnny Thornton does not live in Hancock county and we have not had any response from him or his attorney.  Any further discussion?  Let's vote. |
| Jim Youmans | Aye. |

| Robert Ingram | Aye. |
|---|---|
| Kathy Ransom | Aye. |
| Linda Clayton | Aye. |
| Nancy Stephens | Aye. |
| Kathy Ransom | Aye, It's voted unanimously that Johnny Thornton be removed from the Hancock County voter registration list and that we add that we duly notify him of his removal according to Georgia law. |