# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, as an organization; GEORGIA COALITION FOR THE PEOPLES' AGENDA, as an organization; SANQUAN THOMAS, MERRITT HUBERT, TAURUS HUBERT, JOHNNY THORNTON, MARTEE FLOURNOY and LARRY WEBB;<br><br>    Plaintiffs,<br><br>v.<br><br>HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION; KATHY RANSOM, NANCY STEPHENS, LINDA CLAYTON, ROBERT INGRAM, and JIM YOUMANS, in their official capacities as members of the Hancock County Board of Elections and Registration; and TIFFANY MEDLOCK, in her official capacity as the Hancock County Elections Supervisor,<br><br>    Defendants. | Civil Action<br>Case No. 5:15-cv-414-CAR<br><br>**PLAINTIFFS' REQUEST FOR AN EMERGENCY STATUS CONFERENCE** |

## PLAINTIFFS' REQUEST FOR AN EMERGENCY STATUS CONFERENCE

### INTRODUCTION

The parties previously asked the Court to suspend further proceedings in this matter so that a mutually agreeable resolution of the case could be negotiated. At the time, Plaintiffs had every reason to believe that Defendants had a good faith intention of pursuing such discussions.

Regrettably, that no longer appears to be the case. On April 1, a month and a half ago, Plaintiffs provided a proposed consent order to Defendants that would resolve this case. Since that time, Defendants have neither objected to nor consented to the proposed consent order. Defendants have said that they would respond, but have not done so. Instead, Defendants have offered a litany of excuses for not doing so. This week, Defendants unilaterally informed Plaintiffs by email that they could not consider the proposed consent order until June 9th and presumably would not have a response until an as yet undetermined time after that date. [Exhibit 1, email of May 10, 2016 from Defendants' counsel, Andrea Grant].

Plaintiffs now believe that they understand the true motivation for Defendants' strange behavior. It has now become obvious to Plaintiffs that Defendants are engaged in tactics to delay consideration of any consent order and to delay any further proceedings in this case until after the state and local elections scheduled to take place on May 24, 2016. Those elections include three contested races between African American candidates and White candidates for positions on the Hancock County Board of Commissioners. Defendants apparently want to delay any further activity in this case because they are engaged in an unlawful effort to manipulate the upcoming vote by denying absentee ballots to otherwise qualified voters and preventing African American voters who are blind, disabled or have trouble with English from receiving assistance by persons of their choice at the polls. Plaintiffs believe that these efforts will have a disproportionate impact upon African American voters and will effectively suppress the African American vote in the upcoming election.

So that Plaintiffs can quickly address these issues, Plaintiffs respectfully request that the Court set an Emergency Status Conference to address Plaintiffs' urgent need to 1) amend their Complaint to allege supplemental claims under Section 2 of the Voting Rights Act, 52 U.S.C.

§10508 and the Constitution, arising from Defendants' efforts to suppress the African American vote in advance of the May 24, 2016, Congressional, state and local primary election; and 2) establish an expedited discovery plan and schedule for litigating this matter and addressing all the issues presented by Plaintiffs' case.

Plaintiffs' counsel are now also concerned that Defendants' delay in considering Plaintiffs' proposed consent order could negatively impact Plaintiffs' ability to obtain remedial relief in advance of the November 8, 2016 general election, particularly if Defendants ultimately decide to reject their consent order.

## STATEMENT OF FACTS

Plaintiffs commenced this action under Section 2 of the Voting Rights Act of 1965 and the United States Constitution to challenge the purging of 53 voters from the Hancock County voter registration list by the Hancock County Board of Elections and Registration (BOER) and Supervisor of Elections (SOE). Plaintiffs contend that these purges were intended to suppress the African American vote in advance of the November 3, 2015 Sparta municipal election and to give White candidates an unfair advantage in the City's mayoral and city council contests.

Plaintiffs' counsel have recently learned that the Hancock County BOER and Supervisor of Elections have engaged in a repeated pattern and practice of rejecting absentee ballot applications submitted by registered and qualified Hancock County voters in advance of the May 24, 2016 election. The deadline for the submission of absentee ballots for the May 24th election is on May 20, 2016.

The BOER and SOE have attempted to justify their actions by claiming that they are unable to crosscheck signatures on the absentee ballot applications with the original signature cards of voters whose signature cards were destroyed in an August 2014 fire at the Hancock

3

County Courthouse. A list of the almost 3000 Hancock County voters who do not have signature cards on file is attached and incorporated herein as Exhibit 2.

A preliminary comparison of this list to voter registration records indicates that approximately 81 percent of the almost 3000 voters who still do not have original signature cards on file due to the fire are African Americans, including Plaintiff Larry Webb. According to members of the African American community in the County, little to no effort has been made by the Defendants to obtain replacement signature cards from African American voters since the fire.

In fact, when voters whose signature cards were destroyed in the fire submit applications for absentee ballots, the BOER sends them a confusing letter which states that the voter requesting an absentee ballot is not currently eligible to obtain an absentee ballot, fails to explain that the applications are rejected because the voters have not submitted new signature cards, and makes it appear that they are being requested to submit new voter registration applications so that the BOER can merely "update" its records. A copy of one such letter that the BOER sent to Barbara Lamar, one of the voters whose name appears on the list of voters whose signature cards were burned in the fire, is attached and incorporated herein by reference as Exhibit 3.

Moreover, it also appears that Defendants have suppressed attempts by their own personnel to obtain replacement signature cards from affected voters. Plaintiffs' counsel are informed and believe that Defendant Kathy Ransom, the Chair of the BOER, ordered former Supervisor of Elections Aretha Hill to stop going door to door to obtain replacement signature cards from voters sometime in January or February 2015. When Ms. Hill continued to do so, the BOER claimed that Ms. Hill was insubordinate. An excerpt from Ms. Hill's final performance evaluation that was used to justify the termination of her employment in April 2015 stated:

"when told to stop going person to person for voter cards in January [2015] – reported in February [2015] that her efforts were successful – disregard Chair directive."

There is a readily available solution to this problem that would not involve denying applications from voters for absentee ballots. Defendants could readily use the voters' signatures on the absentee ballot application as the replacement signature card for these voters. After all, it was not the fault of the voters that their signature cards were destroyed. Last week, Plaintiffs' counsel made a good faith effort to resolve this issue informally and expeditiously without the need for Court intervention. On May 17, 2016, however, Defendants' counsel rejected the request for corrective measures and dogmatically insisted that the problem would not be corrected stating, in pertinent part:

> "There is simply not enough time to reword and re-send letters to persons that do not have registration cards on file to process applications. Absentee ballots must be returned prior to 7:00 p.m. on election day. The budget and staff of the BOER are not equipped to accommodate this request this week….
>
> "After talking with the staff, it seems the prior staff did not adhere to the rules and regulations letting incomplete applications and improperly executed absentee ballots count. ***Hence the public is not used to playing by the rules….***"

Exhibit 4, May 16, 2016 email from Andrea Grant to Plaintiffs' counsel (Emphasis added). Today, despite the urging of counsel for Plaintiffs, the Defendants once again reaffirmed that they will do <u>nothing</u> to remedy this problem in advance of the May 24, 2016 election. Moreover, Defendants have now revealed that at least 30 citizens have been refused absentee ballots by the BOER and given the same misleading information as in the letter given to Ms. Lamar. Exhibit 5, May 17, 2016 email from Andrea Grant to Plaintiffs' counsel.

While it is astounding that Defendants would refuse to correct what appears by all indications to be an easily correctable problem, it is even more astounding that Defendants have

attempted to lay the blame for this problem on eligible Hancock County voters who only want to vote. It is the BOER's conduct that gave rise to this problem when it failed to store the signature cards in a fire-safe vault, did not retain copies of the records in a secure off-site location, and prohibited the former supervisor of elections from curing the problem by obtaining new signature cards. It was the BOER that refused to provide voters with an absentee ballot and sent out the misleading letter. Moreover, it appears that Defendants intend to continue to reject applications for absentee ballots from eligible Hancock County voters.

Since the voters whose signature cards were destroyed in the fire are disproportionately African American, and African American voters in Hancock County rely heavily on absentee voting, Defendants' actions are denying minority voters an equal opportunity to participate in the upcoming May 24, 2016 and November 8, 2016 elections, in violation of Section 2 of the Voting Rights Act of 1965 and the Fourteenth Amendment to the United States Constitution.

It has also just come to the attention of Plaintiffs' counsel that Hancock County poll workers are preventing African American voters who are blind, disabled or have difficulty with English from receiving assistance at the polls from persons of their choice as required by 52 U.S.C. § 10508 (Section 208 of the Voting Rights Act) and O.C.G.A. § 21-2-409(b)(1). Plaintiffs' counsel have been informed that several African American Hancock County residents have been told by Hancock County poll workers during early voting at the Hancock County temporary courthouse that they cannot provide assistance to more than 10 voters who are blind, disabled or have difficulty with English, even though neither federal nor Georgia law include any such numerical limitation in federal elections, such as the May 24th U.S. Congressional primary.

The aforesaid conduct raises serious doubts about Defendants' good faith in the pending settlement negotiations, particularly since Defendants' counsel unilaterally decided on May 9,

2016 to defer any further consideration of the Plaintiffs' settlement proposal until well after the May 24, 2016 County Commissioner's election.

## CONCLUSION

Based upon the foregoing and in light of the fact that May 20, 2016 is the deadline for voters to submit absentee ballot applications for the May 24th election, Plaintiffs respectfully request that the Court set an emergency Status Conference on Wednesday, May 18, 2016 or on the next available date on the Court's calendar to address Plaintiffs' urgent need to 1) amend their Complaint to allege supplemental claims under Section 2 of the Voting Rights Act, 52 U.S.C. § 10508 and the Constitution, arising from Defendants' efforts to suppress the African American vote in advance of the May 24, 2016, Congressional, state and local primary election; and 2) establish an expedited discovery plan and schedule for litigating this matter and addressing all the issues presented by the Plaintiffs' case.

Respectfully submitted,

/s/ William V. Custer
William V. Custer
Georgia Bar No. 202910
Jennifer B. Dempsey
Georgia Bar No. 217536
Bryan Cave LLP
One Atlantic Center
Fourteenth Floor
1201 West Peachtree Street, NW
Atlanta, Georgia 30309-3488
Phone: (404) 572-6600
Fax:    (404) 572-6999
E-mail: bill.custer@bryancave.com
        jennifer.dempsey@bryancave.com


/s/ Julie M. Houk
Ezra Rosenberg
New Jersey Bar No. 012671974
Julie M. Houk
California Bar No. 114968
John Powers

7

District of Columbia Bar No. 1024831
The Lawyers' Committee for
Civil Rights Under Law
1401 New York Avenue NW
Suite 400
Washington, DC 20005
Phone: (202) 662-8345 (Ezra Rosenberg)
Phone: (202) 662-8391 (Julie Houk)
Fax:    (202) 783-0857
Email:  erosenberg@lawyerscommittee.org
        jhouk@lawyerscommittee.org
        jpowers@lawyerscommittee.org


*Attorneys for Plaintiffs*
 *Georgia State Conference of the NAACP*
 *Georgia Coalition for the Peoples' Agenda*
 *Merritt Hubert*
 *Taurus Hubert*
 *Johnny Thornton*
 *Martee Flournoy*
 *Larry Webb*
 *Sanquan Thomas*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, as an organization; GEORGIA COALITION FOR THE PEOPLES' AGENDA, as an organization; SANQUAN THOMAS, MERRITT HUBERT, TAURUS HUBERT, JOHNNY THORNTON, MARTEE FLOURNOY and LARRY WEBB;<br><br>   Plaintiffs,<br><br>v.<br><br>HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION; KATHY RANSOM, NANCY STEPHENS, LINDA CLAYTON, ROBERT INGRAM, and JIM YOUMANS, in their official capacities as members of the Hancock County Board of Elections and Registration; and TIFFANY MEDLOCK, in her official capacity as the Hancock County Elections Supervisor,<br><br>   Defendants. | Civil Action<br>Case No. 5:15-cv-414-CAR |

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing **PLAINTIFFS' REQUEST FOR AN EMERGENCY STATUS CONFERENCE** to be electronically filed

9

with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record.

I further certify that I caused the foregoing **PLAINTIFFS' REQUEST FOR AN EMERGENCY STATUS CONFERENCE** to be served on the following attorneys by e-mail and U.S. Mail, postage prepaid:

>Andrea Runyan Grant, Esq.
>Law Office of Andrea Grant, LLC
>P.O. Box 60
>504 Bowers Street
>Royston, Georgia 30662
>Email: andreagna@bellsouth.net
>
>Barry A. Fleming, Esq.
>F. Adam Nelson, Esq.
>Fleming & Nelson, LLP
>631 Ronald Reagan Drive, Suite 201
>P.O. Box 2208
>Evans, Georgia 30809
>Email: bfleming@flemingnelson.com
>          anelson@flemingnelson.com
>
>*Counsel for Defendants*

This 17th day of May, 2016.

>/s/ William V. Custer
>William V. Custer
>Georgia Bar No. 202910
>Jennifer B. Dempsey
>Georgia Bar No. 217536
>Bryan Cave LLP
>One Atlantic Center
>Fourteenth Floor
>1201 West Peachtree Street, NW

Atlanta, Georgia 30309-3488  
Phone: (404) 572-6600  
Fax:    (404) 572-6999  
E-mail: bill.custer@bryancave.com  
              jennifer.dempsey@bryancave.com