UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GEORGIA STATE CONFERENCE OF | ) | |
| THE NAACP, as an organization; | ) | |
| GEORGIA COALITION FOR | ) | |
| THE PEOPLE'S AGENDA, | ) | |
| as an organization; SANQUAN THOMAS, | ) | |
| MERRITH HUBERT, TAURUS HUBERT, | ) | |
| JOHNNY THORNTON, | ) | |
| MARTEE FLOURNOY, and | ) | CIVIL ACTION |
| LARRY WEBB, | ) | FILE NO. 5:15-cv-414-CAR |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HANCOCK COUNTY BOARD OF | ) | |
| ELECTIONS AND REGISTRATION; | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AND MOTION FOR A CONTINUANCE RELATING TO THE 30(b)(6) DEPOSITION NOTICED BY PLAINTIFFS**

COMES NOW the HANCOCK COUNTY BOARD OF ELECTIONS AND

REGISTRATION, and, pursuant to Fed. R. Civ. P. 26(c), and files this Reply Brief

in support of its Motion for a Protective Order and Motion for a Continuance relating to the 30(b)(6) deposition noticed by Plaintiffs for June 28, 2016.

### RESPONSE TO PLAINTIFFS' INTRODUCTION

Plaintiffs' Response and arguments in support of same fail to address the reason that the parties are now before this court on the Elections Board's motion: instead of withdrawing patently defective Topic 13, Plaintiffs attempted to add fifteen (15) new topics just two (2) business days before the scheduled 30(b)(6) deposition. This failure to acknowledge the reality of this case leads to a litany of observations and arguments that are not adjusted to the realities of this matter.

**A. PLAINTIFFS' INVOCATION OF COMMUNICATIONS WITH OPPOSING COUNSEL THAT PREDATE PLAINTIFFS' ATTEMPT TO EXPAND THE 30(b)(6) DEPOSITION ON JUNE 24, 2016, IS NOT ADJUSTED TO THE REALITIES OF THIS CASE.**

Plaintiffs display a fundamental misunderstanding of the nature of the Elections Board's position and the realities of this case when they cite a telephone conversation between Michael O'Quinn and Plaintiffs' counsel on June 16, 2016. Doc. No. 58 at p. 5.  As Plaintiffs did not attempt to enlarge the 30(b)(6) deposition notice until June 24, 2016, it is not apparent why Plaintiffs attach any significance to a telephone  conversation that occurred eight (8) days previously.  Plaintiffs do not allege that they advised Mr. O'Quinn during this conversation that they

planned to supplement the 30(b)(6) notice two (2) business days prior to its scheduled date.

For the same reason, Plaintiffs badly miss the mark when they cite various emails that predate Plaintiffs attempt to add fifteen (15) new 30(b)(6) topics. See Doc. No. 58 at p. 6.

### B. PLAINTIFFS BADLY MISREPRESENT THE NATURE OF THE ELECTIONS BOARD'S COMMUNICATION ON THE EVENING OF JUNE 24, 2016.

As correctly noted by Plaintiffs, counsel for the Elections Board sent an email on the evening of June 24, 2016, in response to Plaintiffs' stated positions with respect to the Elections Board's objections articulated the previous day. Plaintiffs describe that email as follows:

> counsel for the BOER took the position that they could not possibly produce any witness on Tuesday on any topic included in the 30(b)(6), including the topic that covers the very essence of this lawsuit.

Doc. No. 58 at p. 7. In reality, the pertinent part of the email stated as follows:

> The Board needs some clarification prior to filing its Motion. Although Plaintiffs have proposed adding approximately 20 new, discrete topics to Topic No. 13, it does not appear that Plaintiffs have suggested an intention of rescheduling the deposition. If it is Plaintiff's position that it is reasonable to add this many new topics fewer than two (2) business days prior to the date set for the deposition, please advise to that effect so that we can articulate that position to the Court. If not, please communicate to us some proposed alternative 30(b)(6) dates

> that would reflect a time frame Plaintiffs would be reasonable in order for the Board properly to consider them and to designate the appropriate representative(s).

Doc. No. 58 -9 (Exhibit I). Although not acknowledged by Plaintiffs, they failed to provide the requested clarification, which necessitated the filing of the emergency motion before this court.

## ARGUMENT AND CITATIONS TO AUTHORITY

All of Plaintiffs' arguments should be viewed through the prism of their admission that "[t]his is not an overly complicated lawsuit - the plaintiffs allege that the defendants violated state and federal law in purging voters off of the voting rolls in the Fall of 2015." Doc. No. 58 at p. 15. Nonetheless, Plaintiffs are attempting to subject the Elections Board's designee to questions concerning the practices of separate and distinct governmental entities going back some twenty (20) years. The Elections Board shudders to think of the type of discovery to which it would be subjected if this were "an overly complicated lawsuit.

### I. TOPICS 2, 5 AND 7

In an attempt to justify these topics, Plaintiffs argue that "evidence of past discrimination" is relevant. Doc. No. 58 at p. 10 (citations omitted). Assuming arguendo that this is a correct statement of the law, the Elections Board fails to see how "past discrimination" allegedly perpetrated by entities and officials not in privity with the Elections Board could possibly be relevant evidence as to the

Elections Board's actions and mindset (and Plaintiffs cite no case in support thereof).

Because it is obvious that Plaintiffs have the burden of connectingup this past history to the Elections Board in order for it to be relevant, Plaintiffs attempt to link these topics to the Elections Board in the most cursory manner:

> Thus, the history of discrimination in Sparta and Hancock County is relevant to the claims in this lawsuit, and the BOER's knowledge of that discrimination is relevant to the claims asserted against the BOER. Surely the plaintiff is entitled to question the BOER about its knowledge of this history, since [sic] that knowledge is relevant to the claims in this lawsuit.

Doc. No. 58 at p. 12 Such a cursory argument begs a question: why is it relevant? Plaintiffs' position appears to be that the topics are relevant to the BOER merely because they say so.

## II. TOPIC 3

Plaintiffs attempt to justify Topic 3 by asserting as follows:

> [I] was the BOER itself that made past voter fraud an issue in this matter by taking the position that purging voters in the manner they did was necessary to combat alleged rampant voter fraud that has occurred in Hancock County. In fact, in the most recent status conference with the Court, the defendants went on at length about how concerned they were with alleged prior voter fraud in Hancock County.

Doc. No. 58 at p. 13. However, Plaintiffs do not cite anything in the record that would substantiate the claim that the Elections Board made voter fraud an issue, e.g., Answer, interrogatory responses, etc. See Doc. No. 58 at p. 13. With respect to Plaintiffs' assertion that "the defendants went on at length about how concerned they were with alleged prior voter fraud in Hancock County" during the most recent status conference with this Court,[1] it should be noted that the representation that the Elections Board was "concerned ...with alleged prior voter fraud" is not the equivalent of stating that the action at issue in this matter was motivated by concerns of past voter fraud.

---

1   Counsel were not present for that status conference. The Elections Board will defer to the court's recollection and minutes as they relate to statements uttered during that status conference.

## III. TOPIC 13

Plaintiffs' argument relating to Topic 13 is incredible for two (2) reasons. First, Plaintiffs do not acknowledge to this court that Topic 13 as set forth in the 30(b)(6) notice was patently objectionable for failing to satisfy the "reasonable particularity" requirement. Instead, without any citation to authority, Plaintiffs claim that Topic 13 as articulated satisfied 30(b)(6). Doc. No. 58 at p. 15.[2]

Additionally, Plaintiffs' argument is frivolous because they contend that they acted in "good faith" when they added fifteen (15) new topics to the 30(b)(6) deposition. Doc. No. 58 at p. 14. Despite Plaintiffs' rhetoric to the contrary, they did not "clarify" Topic 13. In reality, Plaintiffs replaced their patently objectionable topic with fifteen (15) new topics two (2) business days prior to the noticed deposition date. The Elections Board fails to see how Plaintiffs acted in "good faith" when their response communicated the addition of fifteen (15) new topics two (2) business days before the scheduled date of the 30(b)(6) deposition. Either Plaintiffs were unaware of the burden that adding at the last moment fifteen (15) new topics to a 30(b)(6) deposition imposed on the Elections Board or they were completely apathetic.

---

2   Plaintiffs' representation to this Court that Topic 13 satisfied the "reasonable particularity" standard is very telling as to what they think of this court and the discovery process in general.

-8-

## **CONCLUSION**

Despite all of Plaintiffs' rhetoric, Plaintiffs' actions necessitated the filing of the motion that is now before the court. The inescapable reality is that Plaintiffs' service of an Amended 30(b)(6) deposition notice on June 21, 2016, necessitated an objection as Topic 13 was patently objectionable. The further reality is that Plaintiffs unnecessarily created chaos by attempting to add fifteen (15) new topics two (2) business days prior to the 30(b)(6) deposition instead of withdrawing said Topic.

It appears from the topics they proposed, their contention that Topic 13 was communicated with "reasonable particularity," and their unapologetic attempts to add fifteen (15) new 30(b)(6) topics two (2) business days prior to the noticed deposition date that the realities and intricacies of 30(b)(6) elude Plaintiffs.

(counsel signatures-next page)

-9-

This 27th day of June, 2016.

**O'QUINN & CRONIN, LLC**

<u>/s/ Donald A. Cronin</u>
Michael A. O'Quinn
Georgia Bar No. 553056
Donald A. Cronin
Georgia Bar No. 197270
Jacob Stalvey O'Neal
Georgia Bar No. 877316
Attorneys for Defendants

103 Keys Ferry Street
McDonough, Georgia 30253
(770) 898-0333
(770) 898-0330 Facsimile

# CERTIFICATE OF FILING AND SERVICE

This will hereby certify that I, the undersigned, have this day electronically filed the foregoing **DEFENDANT HANCOCK COUNTY BOARD OF ELECTIONS AND REGISTRATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AND MOTION FOR A CONTINUANCE RELATING TO THE 30(b)(6) DEPOSITION NOTICED BY PLAINTIFFS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This 27th day of June, 2016.

                                                        **O'QUINN & CRONIN, LLC**

                                                        /s/ *Donald A. Cronin*
                                                        Michael A. O'Quinn
                                                        Georgia Bar No. 553056
                                                        Donald A. Cronin
                                                        Georgia Bar No. 197270
                                                        Jacob Stalvey O'Neal
                                                        Georgia Bar No. 877316
                                                        Attorneys for Defendants

103 Keys Ferry Street
McDonough, Georgia 30253
(770) 898-0333
(770) 898-0330 Facsimile